David W. PEPPLE, M.D. Appellant
(Plaintiff Below),

v.

PARKVIEW MEMORIAL HOSPITAL, INC. Appellee (Defendant Below).

No. 92S03–8903–CV–253.

Supreme Court of Indiana.

March 31, 1989.

Ronald L. Sowers, Robert E. Connolly, Sowers, Larson, Riebenach & Connolly, Fort Wayne, for appellant.

Martin T. Fletcher, Sr., Scott T. Niemann, Rothberg, Gallmeyer, Fruechtenicht & Logan, Fort Wayne, for appellee.

## ON PETITION TO TRANSFER

SHEPARD, Chief Justice.

The question presented on transfer is whether a private hospital's decision to limit a doctor's surgical privileges is subject to judicial review under an arbitrary and capricious standard.

Parkview Memorial Hospital, a private institution, granted Dr. David W. Pepple surgical privileges in 1973. The hospital reviewed and renewed those privileges in 1974, 1976, 1978, and 1980. In 1982, the executive committee of the hospital's medical staff voted to limit Dr. Pepple's surgical privileges, no longer permitting him to conduct certain types of surgery.

In response to the adverse recommendation, an *ad hoc* committee of medical personnel reviewed the executive committee's recommendation and voted to renew all of Dr. Pepple's surgical privileges. The executive committee reviewed the *ad hoc* committee's report and again voted to limit Dr. Pepple's surgical privileges. Dr. Pepple appealed the decision to the hospital's board of directors pursuant to the bylaws. The hospital directors decided to limit Dr. Pepple's surgical privileges in 1982.

Dr. Pepple brought suit against Parkview. In his complaint, Dr. Pepple alleged that the hospital limited his surgical privileges "without due process." When Dr. Pepple attempted to use information from the peer review proceedings conducted by the *ad hoc* committee and the executive committee, Parkview brought an interlocutory appeal. The Court of Appeals held that the confidentiality and privilege provisions of peer review committees as set forth in Ind.Code § 34-4-12.6-2 (Burns 1982 Supp.) apply to civil actions generally not simply to medical malpractice actions. *Parkview Memorial Hospital, Inc. v. Pepple* (1985), Ind.App., 483 N.E.2d 469.

After the interlocutory appeal, the trial court entered summary judgment in Parkview's favor. The Court of Appeals affirmed, with Judge Sullivan dissenting. *Pepple v. Parkview Memorial Hospital, Inc.* (1987), Ind.App., 511 N.E.2d 467. We grant transfer.

Dr. Pepple argues that the actions of Parkview Memorial Hospital should be subject to judicial review under an arbitrary and capricious standard. In support of his argument, he refers to Judge Sullivan's dissent and a prior Court of Appeals opinion that applied the arbitrary and capricious standard without regard to the public or private nature of the hospital.

While this Court has reviewed a public hospital's decision to deny privileges in the face of a doctor's claim that excluding him was "arbitrary, discriminatory, [and] unreasonable," *Hamilton County Hospital v. Andrews* (1949), 227 Ind. 217, 223, 84 N.E. 2d 469, 471, *cert. denied*, 338 U.S. 831, 70 S.Ct. 73, 94 L.Ed. 506, we have never reviewed a private hospital's decision under such a standard. The Court of Appeals, however, has enunciated a broader arbitrary and capricious standard that would apparently apply to both public and private hospitals:

> The decision of a hospital concerning staff privileges is accorded great deference. Judicial intervention is limited to an assessment of whether the proceedings employed by the hospital are fair, the standards set by the hospital are reasonable, and whether they have been applied arbitrarily and capriciously.

*Kennedy v. St. Joseph Memorial Hospital* (1985), Ind.App., 482 N.E.2d 268, 271 (citing similar language in *Kiracofe v. Reid Memorial Hospital* (1984), Ind.App., 461 N.E. 2d 1134, 1140–1141). The *Kennedy* opinion did not limit this standard to public hospitals and, as Judge Sullivan pointed out in his dissent in *Pepple*, the hospital in *Kennedy* was private. *Pepple*, 511 N.E.2d at

470 n. 1. The standard in *Kennedy* was unavailing to the doctor because the Court of Appeals held that the hospital's decision was not arbitrary and capricious. 482 N.E.2d at 271.

■ While the distinctions between public and private institutions like hospitals has been blurred by the influx of governmental funds and concerns for the public interest, the state-action requirement of the federal constitution still mandates a principled distinction between public and private entities. "Embedded in our Fourteenth Amendment jurisprudence," Justice Stevens recently wrote for the U.S. Supreme Court, "is a dichotomy between state action, which is subject to scrutiny under the Amendment's Due Process Clause, and private conduct, against which the Amendment affords no shield, no matter how unfair that conduct may be." *National Collegiate Athletic Association v. Tarkanian,* 488 U.S. ——, ——, 109 S.Ct. 454, 461, 102 L.Ed.2d 469, 484 (1988) (footnote omitted).

The test is whether there is a sufficiently close nexus between the State and the challenged action of the regulated entity that the action of the latter may fairly be treated as that of the State itself. *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974). Dr. Pepple does not argue that Parkview should be treated as a public hospital; he simply urges the Court to accept the broader *Kennedy* standard. His argument, therefore, does not address the absence of any state action. Parkview's action in limiting Dr. Pepple's surgical privileges cannot fairly be classified as an action by the State.[1]

A majority of jurisdictions that have addressed this issue have reached the same conclusion. A review of the cases noted:

> Many cases expressly support the rule that the exclusion of a physician or surgeon from staff privileges in a private hospital is a matter which ordinarily rests within the discretion of the manag-

ing authorities thereof, not subject to judicial review.

Annotation, *Exclusion of or Discrimination Against Physician or Surgeon by Hospital,* 37 A.L.R.3d 645, 659 (1971 & 1988 Supp.). Absent proof sufficient to demonstrate the presence of state action, Dr. Pepple is not entitled to judicial review of the private hospital's decision under an arbitrary and capricious standard.

The Court of Appeals opinion in *Kennedy v. St. Joseph Memorial Hospital* (1985), Ind.App., 482 N.E.2d 268, 271, is disapproved to the extent that it permits courts to review a private hospital's decision under an arbitrary and capricious standard.

■ In addition to Dr. Pepple's constitutional challenge of Parkview's action, he also presented a contract claim based on Parkview's bylaws. Our Court of Appeals has recognized that hospital staff bylaws can constitute a contract between the hospital and its staff. *Terre Haute Regional Hospital, Inc. v. El–Issa* (1984), Ind.App., 470 N.E.2d 1371.

■ In his complaint, Dr. Pepple alleged that Parkview breached its contract with him. The trial court found that Dr. Pepple received each and every procedural right provided by the bylaws. Dr. Pepple's counsel conceded this point during the hearing on the motion for summary judgment. The trial court correctly granted summary judgment in the hospital's favor on this issue.

The trial court's order of summary judgment is affirmed.

DeBRULER, GIVAN, PIVARNIK and DICKSON, JJ., concur.

---

**1.** Judge Ratliff has provided an excellent discussion of the sort of evidence which would support such a classification and thus the applicability of due process to a private hospital's deci- sion. *Kiracofe v. Reid Memorial Hospital* (1984), Ind.App., 461 N.E.2d 1134, 1141–1144 (Ratliff, J., concurring).